UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Felicia Lynum, | ) C/A 3:06-3579-MJP-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Federal Bureau of Investigation, | ) |
| Sacramento California; | ) Report and Recommendation |
| State of California; | ) |
| County of Sutter; | ) |
| Yuba City, California; | ) |
| Dept. Of Veteran Affairs, | ) |
| Palo Alto California; | ) |
| Federal Bureau of Investigation, | ) |
| Las Vegas, Nevada; | ) |
| Federal Bureau of Investigation, | |
| Columbia, South Carolina, | |
| | |
| Defendant(s). | |

_____

This matter has been filed pursuant to 42 U.S.C. § 1983. The plaintiff, Felicia Lynum, is proceeding *pro se*. Plaintiff has named as defendants the Federal Bureau of Investigation (FBI) in Sacramento, California; the FBI in Columbia, South Carolina; the FBI in Las Vegas, Nevada; the Department of Veterans Affairs in Palo Alto, California; Yuba City, California; the County of Sutter [in California]; and the State of California. Her thirty-three (33) page complaint raises several issues.

Plaintiff's first allegation pertains to a pending criminal case in Yuba City,



California. Plaintiff alleges she was "railroaded" for theft of "[her] own property". Plaintiff, who is an African-American, alleges the police, the public defender, and the Judge, who are "all white", have denied her a jury trial. Plaintiff hired a private attorney to represent her but she alleges he "played there (sic) game as well". Plaintiff alleges that due to a lack of funds she could not continue to hire counsel but sought help from the ACLU, the NAACP, the FBI, the Urban League, and the Department of Justice. She went to the FBI because she believes her phones are wiretapped. She also believes that there are cameras in her apartment. According to the complaint the FBI suggested she hire an attorney, and she claims the FBI admitted they were aware of the surveillance. She sought help from the Public Defender's Office in Columbia, South Carolina, however, that office told her they could only help her if she had a case in the County of Richland. They also told her that her California case could not be transferred to South Carolina. Plaintiff states that "multiple benefits [have been] denied to me". She claims that because she is of African descent her "American Rights" do not exist.

Plaintiff also alleges she rescued several cats and kittens. According to the complaint, Plaintiff's cat care became "an issue on the job and at my home". Plaintiff alleges that "no matter who came to visit (police, etc.) my cats [were] fine." Plaintiff alleges she moved and eventually lost all of her rescued cats. Plaintiff states that her



mental illness became worse during this time.[1] Plaintiff later became homeless and alleges her "name and reputation [were] ruined." Plaintiff seems to allege that the wiretapping, the cameras, the "made up court case", the conviction, "no appeals", and the inability to retain counsel took a toll on her. She alleges "now my home is hell for me and my cats, public private places are hell for me as well. I'm followed on foot and automobile, stores...beep upon my arrival. What does all this mean? I can't ask a[n] attorney to find out, or see a M.D. to help me attempt to cope with all of these things."

Plaintiff further complains that she has had trouble in the past with her social security benefits. She alleges that she is unable to determine if she is receiving the proper amount of money.

Plaintiff alleges she has had problems with Bell South, Pacific Bell, Southwestern Bell and the South Carolina Electric and Gas Company (SCE&G).

She alleges she was not permitted to get a California drivers license because she had a "syncope episode". Plaintiff claims she had an ear infection.

Plaintiff previously worked at the Veteran's Hospital in Palo Alto, California. She has filed an employment discrimination case against them which is still pending.

---

[1] Plaintiff's application to proceed *in forma pauperis* reveals that she receives social security disability benefits.



She maintains she received money from her retirement account but states it was taken from her. She also alleges she unsuccessfully tried to obtain a hardship loan from her retirement account.

According to the complaint, Plaintiff was on a Housing and Urban Development (HUD) waiting list for "two or more" years and was told she was "# 5", but "suddenly my name drop[ped] off the list" in two different places - Sacramento and Yuba City - with "no explanation".

She states her Medicaid applications in both California and Nevada were denied.

Plaintiff indicates she has filed a claim with the "Merit System Protection Board", and with the U.S. Department of Labor. She alleges she is entitled to Worker's Compensation.

Plaintiff also claims she was "robbed" by Able Body Labor, who came to unload her "ABF U-Pack". She indicates she called and sent correspondence about the problem but her telephone calls and mail were interrupted, her things stolen, and her furniture broken. Plaintiff had a similar problem in another city, where her "ABF" truck was "gone through my lock cut, FBI did this I was told." Plaintiff also claims that Prime Labor in Sacramento California drove her U-haul to Las Vegas but overcharged her.

While she was in California, Plaintiff indicates her apartment was entered and



her things were taken. This apartment was flooded twice, had a leaking window, a broken heater and air conditioner, and a broken kitchen faucet. She claims there was a shooting outside her apartment. Plaintiff states that she was intimidated by other tenants in Yuba City, Las Vegas, and in Columbia, South Carolina. In fact, a large portion of Plaintiff's complaint is dedicated to the problems she has had with her housing situations in California, Nevada, and South Carolina.

She complains that her car was "being held" when she took it to be repaired, and that a cell phone company refused to return her deposit.

Plaintiff also alleges she had trouble traveling across the country with her cats because the bus and train lines did not recognize them as service animals, even though she alleges she had a letter from a doctor indicating they were service animals.

Plaintiff alleges she has been denied medical care at Richland Community Health Care, and mental health care at Richland Mental Health, both located in Columbia, South Carolina.

Plaintiff hears noise coming from her attic and sought help at the Federal Courthouse and also from the Attorney General's office, both in Columbia, South Carolina . She says she has called the Sheriff's Department about the noise, as well as her real estate company and "pest control". Nonetheless, Plaintiff claims there is a person, or people, in the attic, and a dog, or dogs, which she can hear.

In her prayer for relief she asks the court "to stop these actions immediately, so



that I'm able to obtain an attorney to see what other action can be taken, on my cases, also what can be done about great losses I've suffered."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to



allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

### Discussion

A federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See* Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975). As a result, the the Federal Bureau of Investigation (FBI) in Sacramento, California; the FBI in Columbia, South Carolina; the FBI in Las Vegas, Nevada; and the Department of Veterans Affairs in Palo Alto, California are entitled to summary dismissal.

Plaintiff has also failed to allege any facts which would implicate two of the three remaining defendants - Yuba City, California and Sutter County, California. While it is clear that Plaintiff had difficulties while she was living in Yuba City, [which is apparently in the County of Sutter], she does not allege that the city or the county were responsible for the issues she raises in her complaint. As such, these two defendants would be entitled to summary dismissal.

The State of California is immune from suit under 42 U.S.C. § 1983 because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against a State or its integral parts. *See* Alden v. Maine, 527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999); *See also* Federal Maritime Commission v. South Carolina State Ports Authority, *et. al.*, 122 S. Ct 1864,



2002 WL 1050457 (U.S. May 28, 2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

As for Plaintiff's complaints about her criminal case in Yuba City, California, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[**] Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, (1990).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). *Cf.* District of Columbia Court of Appeals v. Feldman, 460 U.S.

---

[**]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223, (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, (Tex. App. Fort Worth 1990).



462, 476 (1983); <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); and <u>Craigo v. Hey</u>, 624 F. Supp. 414 (S.D.W.Va. 1985). Consequently, this court cannot interfere with the proceedings against Plaintiff in Yuba City, California.

Many of the issues which Plaintiff raises are properly raised in state court, not federal court. For example, issues pertaining to the conditions of an apartment, the repair of a car, removal of, or damage to, property in a moving truck, or Worker's Compensation claims are properly raised in the appropriate state court. While it is true that federal courts review social security or Title 7 claims, they do so only after the proper administrative remedies have been pursued. In the instant case, no such showing has been made.

In summary, Plaintiff has failed to name proper parties to her suit, or in the alternative, she has failed to state a claim for which relief could be granted against those entities who might be sued in a Section 1983 suit.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993),



*replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                                                Bristow Marchant
                                                             Unites States Magistrate Judge

Columbia, South Carolina
January 11, 2007

    ***The plaintiff's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

